IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Patricia Wurm | ) | |
| | ) | Case No. 4:20-cv-325 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Intertek, et al., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Patricia Wurm ("Plaintiff') for his complaint against Defendant Intertek ("Defendant"), states and alleges as follows:

1.  This is an action for monetary damages, injunctive relief and other equitable and ancillary relief, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the Alaska Wage and Hour Act (the "AWHA), § 23.10.060(b).

2.  The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* authorizes court actions by private individuals to recover damages for violations of wage and hour provisions contained within the FLSA. This Court has subject matter jurisdiction over the causes of action asserted herein under 28 U.S.C. § 1331 (federal question jurisdiction.) The Court has jurisdiction pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and the provisions of 28 U.S.C. §1331 and § 1337. The Court has subject matter jurisdiction over Plaintiffs' Missouri state law claims pursuant to 28 U.S.C. §§ 1332(d)(2) and 1367.

3.      Plaintiff Patricia Wurm is a resident of the State of Alaska. For the relevant time period, including three years before the filing of this complaint, Patricia Wurm was continuously employed by defendant at Intertek with ICP Chemist

4.      Intertek has a principal place of business at 1211 Belgrove Dr. St. Louis, Mo 63137. Defendant Intertek does business within the district of this Court.

5.      At all times relevant to this Complaint, defendant was engaged in the business of Petroleum, Fuel and chemical testing as well as other services. In connection with such business, the defendant was an enterprise engaged in interstate commerce.

6.      At all relevant times, defendant was an employer pursuant to 29 U.S.C. §203 (d).

7.      During the past 3 years defendant employed plaintiff in the Intertek/GPB Laboratory in connection with its business. In performing his job, the plaintiff was engaged in commerce within the meaning of the FLSA. The defendant managed the work of plaintiff including the amount of overtime required to be worked.

## COUNT 1: FLSA

8.      Plaintiff Wurm re-alleges and incorporates by reference, paragraphs 1 to 7 of his Complaint as paragraph 8 of Count I.

9.      Plaintiff bring this action pursuant to 29 U.S.C. §216(b) of the FLSA to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages and statutory penalties and damages owed to plaintiff by defendant, its subsidiaries and affiliated companies.

10.     Plaintiff was continuously employed by defendant from April 10, 2017

11.     Based upon plaintiffs performance of his non-exempt work duties often extending beyond 5:00p.m., and the performance of his non-exempt work duties on Saturdays and Sundays, all with the knowledge and acquiescence of the defendant during the statutory period, plaintiff

routinely worked in excess of forty (40) hours per work week without overtime compensation contrary to the provisions of Section 7(a) of the Act (29 U.S.C. § 207(a)).

12. Defendant failed to pay overtime wages and other benefits to plaintiff by intentionally, willfully and improperly designating his position as exempt from federal law in direct violation of the FLSA.

13. The actual duties performed by the plaintiff did not exercise independent judgment and discretion as part of the day to day performance of his duties. Thus, the defendant could not claim plaintiff exempt from payment of overtime under the FLSA by using a false job title.

14. The approximate sums due plaintiff for such overtime compensation are not yet known and information as to the amounts due are within the exclusive custody and control of the defendant. The defendant monitors and maintains hours worked by the plaintiff for which he was compensated on his paychecks every week on an alleged salaried basis.

15. The defendant knew or should have known that failing to pay the plaintiff properly for all hours worked and extra compensation for overtime hours is a violation of the FLSA.

16. As a result, the plaintiff was not properly paid for all hours he worked for Intertek, including overtime for all hours in excess of 40 in a given workweek, all in violation of the FLSA.

17. The defendant knew or should have known that failing to pay the plaintiff properly for all hours worked and extra compensation for overtime hours is a violation of the FLSA.

18. At all relevant times hereto, Wurm was defendant's "employee" within the meaning of the FLSA. 29 U.S.C. §§ 203(e).

19. The defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, the plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of overtime pay permitted by 29 U.S.C. § 216(b). The defendant paid overtime to other non-exempt employees, but not to the plaintiff.

20. As a direct and proximate result of the defendant's intentional and willful acts and omissions as outlined herein, plaintiff NAME has been damaged by the loss of his overtime pay and has been forced to incur expenses of this action, including attorney fees and costs.

21. The defendant acted intentionally and willfully to deprive the plaintiff of his rights to overtime pay under the Fair Labor Standards Act by its wrongful classification of plaintiff as an exempt employee.

WHEREFORE, Plaintiff Patricia Wurm prays that this Court enter judgment in his favor against the defendant for a sum that will properly, adequately and completely compensate plaintiff for the nature, extent and duration of his damages, declare and find that the defendant violated overtime provisions of the FLSA by failing to pay overtime wages to plaintiff; that the defendant willfully violated overtime provisions of the FLSA by failing to pay overtime wages to plaintiff, award interest on all over time compensation due accruing from the date such amounts were due, award an equal amount as liquidated damages, award all costs and attorney's fees incurred prosecuting this claim and for such further relief this Court deems just and proper.

## COUNT II:  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

22. Plaintiff hereby re-alleges and incorporates by reference, as if the same were fully stated herein, each and every one of his allegations from Paragraphs One (1) through Twenty one (21) of his Complaint.

23. Every contract entered into in Alaska contains an implied covenant of good faith and fair dealing by each party not to do anything that will deprive the other party of the benefits of the contract, and breach of this covenant by failure to deal fairly or in good faith gives rise to any action for damages.

24. Plaintiff, was an employee of defendant and accordingly, an implied employment contract existed between defendant and Plaintiff was continuously employed by defendant from April 10, 2017 to present.

25. The implied employment contract required defendant to provide plaintiff all the rights and privileges of employment status, including prohibiting the defendant refusal to pay compensation for work performed by the plaintiff as well refusing to allow them to utilize benefits such as vacation time.

26. The Employee manual clearly states that employees are entitled to vacation time, holiday pay and should be paid overtime. Defendants acts to deny what is owed to plaintiff is a breach of the implied covenant of good faith and fair dealing by interfering with plaintiffs rights and privileges as an employee, including but not limited to his right to be fully paid for his work performed for the defendant.

27. The defendant has requested that plaintiff execute a General Releases in exchange for nominal amounts of monies instead of paying him what he is entitled to.

28. The defendant's conduct herein alleged caused plaintiff to incur lost wages due to defendant's failure to pay him earned compensation

29. The defendant's conduct resulted in damages to plaintiff, including but not limited to lost wages and interest.

WHEREFORE, Plaintiff prays that this Court grant judgment in an amount to be proven at trial, plus interest, for costs and attorneys' fees where available, and for such other and further relief as is just and proper under the circumstances

## COUNT III — BREACH OF CONTRACT

30. Plaintiff restates the foregoing allegations

31. Handbooks or employment manuals were presented to employees explaining that they were eligible to accrue paid leave and overtime.

32. Plaintiff was one of those employees who received a handbook.

33. Handbooks or employment manuals constates an employment agreement and is generally incorporated into an employment contract if it creates a reasonable impression or expectation of a grant to certain rights.

34. Plaintiff had a reasonable impression or expectation that they were to receive all the benefits listed in the handbook or manual they received, thereby creating an employment contract

35. Defendant breached this employment contract when they failed to pay the Employees all of their wages due and allow them leave benefits such as vacation time.

36. This breach has resulted in damages to the plaintiff.

37. Plaintiff has performed all of its obligations under the employment contract.

WHEREFORE, Plaintiff prays that this Court grant judgment in an amount to be proven at trial, plus interest, for costs and attorneys' fees where available, and for such other and further relief as is just and proper under the circumstances

## COUNT IV — UNJUST ENRICHMENT

38. Plaintiff restates the foregoing allegations

39. Defendant has withheld monies and monetary benefits from plaintiff.

40. Defendant has been enriched at Plaintiff's expense.

41. It would be unjust to allow Defendant to retain the benefit of its enrichment in that defendant made profits by not paying plaintiff proper wages or benefits.

WHEREFORE, Plaintiff prays that this Court grant judgment in an amount to be proven at trial, plus interest, for costs and attorneys' fees where available, and for such other and further relief as is just and proper under the circumstances.

THE NJ SMITH LAW FIRM, L.C.
101 W Argonne Dr. #141
Kirkwood, MO 63122
Telephone: (314) 462-0134
Facsimile: (314) 332-1281
 Email:   Noah@njsmithlaw.com

By     /s/ Noah Smith
         Noah Smith - #66691(MO)

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 28, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

          /s/ Noah Smith

      Noah Smith

      ATTORNEYS FOR PLAINTIFF